UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
WILLIAM EDMOND MCRARY, SR.,           Case Nos. 11-10650 and 11-10651

    Debtor.                                Honorable John Corbett O'Meara
_____/

WILLIAM EDMOND MCCRARY, SR.,
And JEANNE OVERWEG,

    Plaintiffs/Appellees/Cross-Appellants,

v.

J.M. JARRARD,

    Defendant/Appellant/Cross-Appellee.

_____/

## OPINION AND ORDER ON APPEAL

On April 20, 2011, the parties filed cross-appeals of the bankruptcy court's August 24, 2010 bench opinion. Both appeals have been fully briefed; the court did not hear oral argument. For the reasons stated in this opinion, both of the bankruptcy court's decisions are reversed.

## BACKGROUND FACTS

On May 9, 2007, William Edmond McCrary, Sr. and Jeanne Overweg ("Plaintiffs") agreed to purchase real estate ("the property") from J.M. Jarrard ("Defendant") located at 1036 Dupont Street, Flint, Michigan for $59,000. Neither of the Plaintiffs made any further payments

following the down payment due at closing. On August 10, 2007, Defendant moved to foreclose against Plaintiffs based upon Plaintiffs' default on the payments due. On September 20, 2007, Plaintiff McCrary filed a Chapter 13 bankruptcy petition, the day prior to the scheduled foreclosure sale. On February 15, 2008, McCrary's Chapter 13 petition was dismissed.

On February 19, 2008, Defendant again commenced to foreclose against the property. The foreclosure sale scheduled for March 28, 2008, was again stayed following the filing of another Chapter 13 petition by McCrary on March 27, 2008.

On June 12, 2008, Plaintiffs filed an adversary proceeding complaint in bankruptcy court against Defendant. This complaint was amended and Defendant asserted in his responsive pleadings the affirmative defense of setoff.

After McCrary's second Chapter 13 petition was involuntarily converted to a Chapter 7 petition on July 24, 2009, Defendant filed a motion for relief from the automatic stay. On August 26, 2009, the bankruptcy court entered an order lifting the automatic stay, allowing Defendant to foreclose on the property.

On August 27, 2009, Defendant published the required notice of the foreclosure sale in the <u>Genesee County Legal News</u> advertising the sale for September 25, 2009. The notice of foreclosure sale was posted on the property on September 15, 2009. Defendant also sent Plaintiffs notice of the foreclosure sale in the mail. The sale was held on September 25, 2009. Defendant bid $10,000 for the property, and a sheriff's deed was issued to him.

The sheriff's deed, along with the affidavit required by M.C.L. 600.3204(2) ("the affidavit") were executed and recorded with the Genesee County Register on October 15, 2009. In the affidavit, Defendant indicated that the redemption amount was $10,000, with the erroneously calculated per diem interest rate of $13.25 per day. During the subsequent six-

2

month redemption period, Plaintiffs did not attempt to exercise their right of redemption.

This adversary proceeding was filed by Plaintiffs on March 7, 2010. Trial was held on June 15 and July 26, 2010. In their complaint, Plaintiffs set forth six counts, including an allegation that Defendant violated the Michigan Consumer Protection Act, M.C.L. 445.901, *et seq.* ("MCPA"). The MCPA count did not specifically allege a violation of the MCPA based on Defendant's incorrect interest calculation on the amount due in the affidavit. Nonetheless, in its August 24, 2010 bench opinion, the bankruptcy court found that Defendant violated the MCPA by improperly calculating the per diem interest amount. (Bench Op. 9). Specifically, Defendant erroneously calculated the interest due based upon the full amount of the debt owed to him, as opposed to the $10,000 bid at the foreclosure sale.

The bankruptcy court found that the erroneous calculation would require the Plaintiffs to pay $1,917.00 more to redeem the property than would be required had the interest rate been properly calculated. As a result, the bankruptcy court concluded that the erroneous calculation favored Defendant and caused a probability of confusion or misunderstanding of Plaintiffs' legal rights and obligations, thereby violating the MCPA. (Bench Op. 10). Based upon this violation, the bankruptcy court ruled that the September 25, 2009 foreclosure sale should be set aside and awarded Plaintiffs $250.00 in damages and attorney's fees and costs.[1]

On November 1, 2010, Defendant filed a timely motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, requesting the bankruptcy court vacate its order awarding Plaintiffs $250.00 and attorney's fees and costs. In response to Defendant's motion for reconsideration, Plaintiffs filed a motion to amend the adversary proceeding complaint post judgment, requesting leave to amend to include the allegations on which the

---

[1] Defendant appealed the decision to set aside the foreclosure sale, but withdrew this argument in its May 19, 2011 Reply Brief. Therefore, the decision to set aside the foreclosure will not be considered.

bankruptcy court ruled in their favor. On January 28, 2011, the bankruptcy court denied Defendant's motion for reconsideration. It does not appear from the record that the bankruptcy court ruled on the motion to amend.

In their complaint, Plaintiffs also set forth two additional counts which are the subject of this appeal. The next relevant count alleged that Defendant violated M.C.L. 600.3204(b) by asserting setoff as an affirmative defense (in the first adversary proceeding) while foreclosing by advertisement on the property. Specifically, M.C.L. 600.3204 only allows foreclosure by advertisement if an action or proceeding to collect on the debt has not been instituted at law at the time of sale. It is Plaintiffs' contention that Defendant's assertion of the affirmative defense of setoff is tantamount to instituting an action to collect on the debt. The second relevant count alleged that Defendant violated the Michigan Regulation of Collection Practices Act, M.C.L. 445.221, *et seq.* ("MRCPA") by misrepresenting the legal status of the action being taken. Plaintiffs contend that Defendant's act in sending notice of foreclosure by advertisement to Plaintiffs while maintaining an action to collect on the debt is a misrepresentation of the legal status of the action being taken.

In its August 24, 2010 bench opinion, the bankruptcy court found that Defendant did not violate either statute. The bankruptcy court found that the assertion of setoff as an affirmative defense did not constitute an action or proceeding to collect on the debt, and therefore did not violate M.C.L. §600.3204. (Bench Op. 13). The bankruptcy court also held that since Defendant's actions did not violate M.C.L. § 600.3204, the notice sent to Plaintiffs did not misrepresent the legal status of the action being taken, and therefore did not violate the MRCPA. Id.

**STANDARD OF REVIEW**

"A district court reviewing a bankruptcy court's decision in a 'core proceeding' functions as an appellate court, applying the standards of review normally applied by federal appellate courts." In re H.J. Scheirich Co., 982 F.2d 945, 949 (6th Cir. 1993). The bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous." Id. at 949. However, a district court reviews the bankruptcy court's conclusions of law *de novo*. Longo v. McLaren, 3 F.3d 98 (6th Cir. 1993); White v. Lewis (In re Lewis), 392 B.R. 308 (E.D. Mich. 2008).

**LAW AND ANALYSIS**

**I.     Defendant's Appeal**

Defendant contends that the bankruptcy court erred by granting relief upon the unpleaded claim that Defendant's erroneous interest calculation violated the MCPA. The issue of the erroneous interest calculation was not pleaded in the complaint but first surfaced during the cross-examination of Defendant at trial. Counsel for Defendant objected to this line of questioning by stating "[a]gain my objection is this is irrelevant. Where are we going with this?" (Trial Tr. 80, July 26, 2010). Counsel for Plaintiffs then stated that "[i]t's impeachment and credibility, Judge." Id. This was the only mention of the erroneous interest calculation at trial.

Rule 54(c) of the Federal Rules of Civil Procedure provides that "every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Thus, even if a cause of action is not raised in a complaint, the court may nevertheless grant relief on the unpleaded cause of action. However, The Sixth Circuit Court of Appeals has adopted the view that parties may only recover on such

5

unpleaded claims if there is fair notice and no prejudice to the opposing party. Colonial Refrigerated Transp., Inc. v. Worsham, 705 F.2d 821, 825 (6th Cir. 1983); Bluegrass Ctr., LLC v. U.S. Intec, Inc., 2002 WL 31269650, at* 5-6 (6th Cir. Oct. 9, 2002).

In this instance, Defendant did not have fair notice that the erroneous interest calculation was a basis for the MCPA claim. Neither this theory of recovery nor the facts supporting it were raised in the complaint, joint final pretrial order, or Plaintiffs' trial brief. (Compl.; Joint Final Pre-Tr. Order; Pls.' Tr. Br.). Plaintiffs raised the issue of the erroneous interest calculation for the first time upon cross-examination of Defendant. (Trial Tr. 77). During this cross-examination, Plaintiffs did not indicate that the erroneous interest calculation would be the basis of the MCPA claim. Instead, Plaintiffs expressly stated that the interest calculation issue was only brought up to attack Defendant's credibility for impeachment purposes. (Trial Tr. 80). Therefore, Defendant did not have fair notice that the erroneous interest calculation was the basis of the MCPA claim, and it is clear from the record that the issue was not fully tried by the parties. For example, Defendant did not have the opportunity to present evidence on the issue. Although the parties discussed the legal issue of *how* to properly calculate the interest amount, no one raised the theory that the error constituted a violation of the MCPA. (Trial Tr. 99-102). Since Defendant did not have fair notice that this issue was being tried, and was prejudiced by not having an opportunity to defend against the claim, the bankruptcy court could not properly grant relief on this issue.

**II.   Plaintiffs' Appeal**

Plaintiffs contend that the bankruptcy court erred in determining that the assertion of setoff as an affirmative defense does not constitute an "action" to collect on the debt, and that, therefore, Defendant did not violate M.C.L. § 600.3204 or the MRCPA.

6

M.C.L. § 600.3204 allows a party to foreclosure a mortgage by advertisement only if an "action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage." The MRCPA prohibits a party from misrepresenting in a communication the legal status of a legal action being taken. M.C.L. § 445.252(f)(i). Thus, parties must operate within a narrowly defined set of rules when foreclosing by advertisement and communicating their legal actions to other parties.

Whether the affirmative defense of setoff constitutes an "action" to collect on the debt within the meaning of M.C.L. § 600.3204 is a matter of first impression. The weight of what little authority exists, however, suggests that Defendant instituted an action at law to collect on the debt when he asserted the affirmative defense of setoff in his responsive pleadings, thereby violating M.C.L. § 600.3204 and, consequently, the MRCPA. Defendant's assertion of setoff constituted an action at law based upon persuasive authority from the Michigan Supreme Court, the dictionary definition of an "action" at law, and the intent of M.C.L. § 600.3204.

In a concurring opinion, Justice Kelly of the Michigan Supreme Court has equated a claim of setoff to an action at law in the context of the Residential Builders Act. Roberson Builders, Inc. v. Larson, 482 Mich. 1138, 1140 (2008). Under that statute, a builder cannot "bring or maintain an action in a court of this state for the collection of compensation" if the builder is not licensed. M.C.L. 339.242(1). Relying on the dictionary definition of "action," Justice Kelly found that an unlicensed builder was not entitled to assert a defense of setoff under the statute. Black's Law Dictionary defines action as "a civil or criminal judicial proceeding" and further notes that "'action' in the sense of a judicial proceeding includes recoupment, counterclaim, set-off, suit in equity, and any other proceedings in which rights are determined." Black's Law Dictionary (9th ed. 2009) (emphasis added).

7

Moreover, M.C.L. § 600.3204 is a provision which exists for the benefit of the mortgagor and not the benefit of the mortgagee. See In re Miller, 442 B.R. 621, 636 (Bankr. W.D. Mich. 2011). "[T]he whole object and intent of that provision is to *prevent the creditor* pursuing a double remedy at the same time, thus putting *the debtor* to needless costs and expense." Id. (quoting Larzelere v. Starkweather, 38 Mich. 96, 1878 WL3350, at *4 (1878)). "The purpose of this statute is to force [on the mortgagees] an election of remedies against the mortgagor." Id. (citation omitted). M.C.L. § 600.3204 only allows foreclosure by advertisement if actions *or* proceedings have *not* been instituted to collect on the debt. Thus, given the intent of this statute, it would be fair to construe the term "action" to encompass setoffs in order to protect the mortgagor from an over-payment to the mortgagee.

Since Defendant violated M.C.L. § 600.3204, the notices he sent to Plaintiffs did in fact misrepresent the legal status of the actions being taken. Defendant sent a notice to Plaintiffs that stated "no legal or equitable proceedings had been instituted to recover the debt, or any part of the debt, secured by the mortgage." (Df. Resp. Br. 8). However, Defendant's assertion of setoff constituted an action to collect on the debt. Therefore, Defendant misrepresented the legal status of the action being taken in violation of the MRCPA.

Although Defendant violated M.C.L. § 600.3204 and the MRCPA, it is unclear whether Plaintiffs suffered a loss as a result of Defendant's conduct. This case is therefore **REMANDED** to the bankruptcy court to determine what remedies, if any, to which Plaintiffs are entitled as a result of Defendant's violation of M.C.L. § 600.3204. Additionally, it is **REMANDED** to the bankruptcy court to determine whether Plaintiffs incurred any injury, loss, or damage as a result of Defendant's conduct, and are therefore entitled to the statutory damages under M.C.L. § 445.257.

**ORDER**

It is hereby **ORDERED** that the bankruptcy court's decision is **REVERSED** and the portion of the August 24, 2010 bench opinion awarding Plaintiffs $250.00 and attorney's fees and costs due to a violation of the MCPA is **VACATED**.

Further, it is hereby **ORDERED** that the bankruptcy court's decision in its August 24, 2010 bench opinion holding that M.C.L. § 600.3204 and the MCRPA have not been violated by Defendant is **REVERSED** and **REMANDED** to the bankruptcy court to determine what remedies, if any, are appropriate for the violation of both statutes.

Date: August 15, 2011                              s/John Corbett O'Meara
                                                   United States District Judge

I hereby certify that on August 15, 2011, I served a copy of the foregoing document to the parties of record using the ECF system and/or ordinary mail.

                                                   s/William Barkholz
                                                   Case Manager

9